IN THE SUPERIOR COURT OF GUAM

THOMAS H.CASEY,               )
                             )      **CIVIL CASE NO. CV0450-13**
         Plaintiff,           )
                             )
    vs.                       )      **DECISION AND ORDER**
                             )
VICTOR P. SANTIAGO,           )
                             )
         Defendant.           )
_____ )

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Defendant's motion to dismiss, filed May 20, 2013. Oral arguments were heard on August 19, 2013. Attorney Georgette B. Concepcion represented Plaintiff and Attorney Gary W.F. Gumataotao appeared on behalf of Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

On January 3, 2012, Mercy R. Santiago filed a voluntary bankruptcy petition under Chapter 7 of the U.S. Bankruptcy Code (*In re Santiago Mercy Redondo*, Case No. 8:12-bk-10051-CB). (Complaint, 3, Apr. 8, 2013). On two occasions, January 11, 2011 and March 18, 2011, Ms. Santiago conveyed a parcel of real property on Guam by quitclaim deed to her husband, Defendant Victor P. Santiago, for no consideration. *Id.* at 3. On Apr. 8, 2013, Plaintiff Thomas H. Casey, Chapter 7 Bankruptcy Trustee for the United States Bankruptcy Court, Central District of California Santa Ana Division, filed a complaint against Defendant to set aside fraudulent transfers of estate property. Plaintiff alleges that the two transferred real properties are part of the bankruptcy estate because they were previously held in the names of the Defendant and Ms. Santiago as community property. *Id.* Plaintiff alleges Ms. Santiago made the conveyances with the actual intent to hinder, delay, or defraud creditors since, as of the date of the transfer, Ms. Santiago was insolvent or was in contemplation of insolvency. *Id.*

On May 20, 2013, Defendant filed a motion to dismiss for failure to state a claim for

relief pursuant to Guam R. Civ. P. 12(b)(6). Plaintiff argues that his claim is sufficient because this Court has jurisdiction over the matter and that the complaint pleads fraud with particularity as required under Guam R. Civ. P. 9(b).

## DISCUSSION

"Jurisdictional issues may be raised by any party at any time or *sua sponte* by the court." *Hart v. Hart*, 2008 Guam 11 ¶ 7 (*quoting Rojas v. Rojas*, 2007 Guam 13 ¶ 5). In this case, Defendant stylizes his motion as a "Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim," but the substance of his argument is that this Court lacks jurisdiction to hear this matter. (Mot. Dismiss, 6-7, May 20, 2013). Therefore, the Court will first consider whether the Superior Court of Guam has jurisdiction over this case.

Title 11 is the primary source of bankruptcy law in the United States Code. *Gill v. Bischoff*, 2011 Guam 25 ¶ 25. Title 28 U.S.C. § 1334 grants the district courts original jurisdiction over certain categories of bankruptcy proceedings. 28 U.S.C.A. § 1334 (West 2011). This section states, in pertinent part:

> (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
> (b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C.A. § 1334 (a)-(b) (West 2011).

Pursuant to this section, jurisdiction of all cases under title 11 resides with the district court. Furthermore, a district court may transfer a bankruptcy case or proceeding within it to a bankruptcy court under 28 U.S.C. § 157(a), which provides: "Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C.A. § 157 (a) (West 2011). Regarding jurisdiction in Guam, "[s]ection 1424(b) of Title 48 of the United States Code vests upon the Guam Federal District Court the exclusive jurisdiction of the United States Bankruptcy Courts." *Gill*, 2011 Guam 25 ¶ 25 (citation omitted); 48

U.S.C.A. § 1424 (West 2004). Thus the Court is without any jurisdiction to consider any action raised by the Plaintiff, as a bankruptcy trustee, regarding fraudulent transfers of properties that are part of the bankruptcy estate. (Complaint, 4, Apr. 8, 2013).

Plaintiff contends that the United States Supreme Court's decision in *Stern v. Marshall*, 131 S.Ct. 2594 (2011), created uncertainty as to the ability of a bankruptcy judge to enter a final judgment, and that in amidst of such uncertainty, it was "prudent to bring this matter before the Superior Court of Guam whose jurisdiction unquestionably extends over a resident of Guam and real properties located in Guam." (Opp'n Mot., 5, Jun. 17, 2013). While the *Stern* decision raised questions as to a bankruptcy court's authority with respect to fraudulent conveyance actions and other "core" proceedings, it does not cast uncertainty as to this Court's lack of jurisdiction over the present mater.

At the heart of *Stern* lies a dispute between Vickie Lynn Marshall (hereinafter "Vickie"), the wife of J. Howard Marshall II (hereinafter "J. Howard"), and E. Pierce Marshall (hereinafter "Pierce"), J. Howard Marshall II's son. 131 S.Ct. at 2601. The pertinent facts of the case are as follows:

> Before J. Howard passed away, Vickie filed suit in Texas state probate court, asserting that Pierce—J. Howard's younger son—fraudulently induced J. Howard to sign a living trust that did not include her, even though J. Howard meant to give her half his property. Pierce denied any fraudulent activity and defended the validity of J. Howard's trust and, eventually, his will. 392 F.3d, at 1122–1123, 1125.

> After J. Howard's death, Vickie filed a petition for bankruptcy in the Central District of California. Pierce filed a complaint in that bankruptcy proceeding, contending that Vickie had defamed him by inducing her lawyers to tell members of the press that he had engaged in fraud to gain control of his father's assets. 547 U.S., at 300–301, 126 S.Ct. 1735; In re Marshall, 600 F.3d 1037, 1043–1044 (C.A.9 2010). The complaint sought a declaration that Pierce's defamation claim was not dischargeable in the bankruptcy proceedings. Ibid.; see 11 U.S.C. § 523(a). Pierce subsequently filed a proof of claim for the defamation action, meaning that he sought to recover damages for it from Vickie's bankruptcy estate. See § 501(a). Vickie responded to Pierce's initial complaint by asserting truth as a defense to the alleged defamation and by filing a counterclaim for tortious interference with the gift she expected from J. Howard. As she had in state court, Vickie alleged that Pierce had wrongfully prevented J. Howard from taking the

legal steps necessary to provide her with half his property. 547 U.S., at 301, 126 S.Ct. 1735.

*Stern*, 131 S.Ct. at 2601

The United States Supreme Court held that, although the bankruptcy court had the statutory authority to enter a final judgment on Vickie's counterclaim under 28 U.S.C. § 157(b)(2)(C), because Vickie's counterclaim was a "core" matter thereunder, it nevertheless lacked the constitutional authority to do so. *Id.* at 2620. The Supreme Court found that the bankruptcy court exceeded its authority by exercising the "judicial power" to resolve and enter final judgment on a state common law claim because a bankruptcy judge, a non-Article III judge, lacks such authority under the Constitution. *Id.* at 2608-11.

In the aftermath of *Stern*, some courts have found that bankruptcy courts have the authority to enter a final judgment in fraudulent transfer actions. *See Burtch v. Seaport Capital, LLC et al. (In re Direct Response Media, Inc.)*, 466 B.R. 626, 644 (Bankr.D.Del. 2012) (holding that "*Stern* does not remove the bankruptcy courts' authority to enter final judgments on other core matters, including the authority to finally adjudicate preference and fraudulent conveyance actions like those at issue before this Court"); *Kelley v. JPMorgan Chase & Co.*, 464 B.R. 854, 863 (D.Mass 2011) (reasoning that fraudulent transfer actions are "core proceedings" within federal bankruptcy jurisdiction to render a final judgment); *In re Safety harbor Resort and Spa*, 456 B.R. 703, 715 (Bankr.M.D.Fla. 2011) (finding that the *Stern* opinion does not limit a bankruptcy court's authority to adjudicate the "core" proceedings in 28 U.S.C. §157(b)(2)).

Other courts have found that the bankruptcy courts have the authority to hear the fraudulent transfer proceedings, but if it is later determined by the district court that it cannot enter a final judgment, a bankruptcy judge may only enter findings of fact and conclusions of law. *See Kirschner v. Agoglia, et al. (In re Refco Inc.)*, 461 B.R. 181, 194 (Bankr.S.D.N.Y.2011) (holding that even if the bankruptcy court did not have the constitutional authority, the bankruptcy court retains the power to submit to the district court a conclusions of law and a recommendation); *Heller Ehrman v. Arnold & Porter, LLP (In re Heller Ehrman)*, 464 B.R. 348, 354 (N.D.Cal. 2011) (concluding that the bankruptcy court cannot enter a final judgment on a fraudulent conveyance action under *Stern*, but the bankruptcy court has the

authority to enter proposed findings of fact and conclusions of law on fraudulent conveyance claims); *Meoli v. Huntington Nat'l. Bank (In re Teleservices)*, 456 B.R. 318, 344-45 (Bankr.W.D.Mich. 2011) (finding that the bankruptcy court is unable to enter a final judgment on a fraudulent transfer claim due to the uncertainty presented by *Stern*, but the bankruptcy court may submit a report and recommendation to the district court as a non-core matter).

As these cases illustrate, *Stern* and the core/non-core distinction impact the scope of the bankruptcy court's authority to decide matters referred by the district court. *Goldstein v. Eby-Brown, Inc. (In re Universal Marketing, Inc.)*, 459 B.R. 573, 579 (E.D.Pa. 2011). Put simply, *Stern* has created confusion as to the decision-making authority, but only as between the district court and the bankruptcy court. Therefore, a territorial court has no place in the decision-making of fraudulent transfer actions relating to a bankruptcy proceeding before and after *Stern*. Having found that the Court lacks jurisdiction over the present matter, it is not necessary to analyze Defendant's other arguments for dismissal.

///

///

///

## CONCLUSION

Based upon the foregoing, Defendant's motion to dismiss is hereby GRANTED and Superior Court of Guam Civil Case No. CV0450-13 is dismissed.

SO ORDERED this /2TH day of November, 2013.

HON. JAMES L. CANTO II
Judge, Superior Court of Guam

, do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam Dated at Hagåtña, Guam

James R. Borja
Deputy Clerk, Superior Court of Guam

Page 5 of 5